

# U. S. Department of Justice

*United States Attorney*
*Northern District of Iowa*

*600 Fourth Street*      *712-255-6011*
*Suite 670*              *712-252-2034 (fax)*
*Sioux City, IA 51101*   *712-258-4761 (tty)*

June 9, 2016

Honorable Leonard T. Strand
United States District Judge
320 6th Street
Sioux City, IA 51101

    Re: *United States v. Devery Hibbler – No. CR 16-4009-LTS*

Dear Judge Strand:

I am writing in regard to the Rule 11 hearing scheduled to be held at 10:30 a.m. on Friday, June 10, 2016. The attorneys appearing at the hearing will be Mr. Bradley Hansen and AUSA Forde Fairchild.

Hibbler will plead guilty to Counts 3 and 5 of the Superseding Indictment filed on April 19, 2016. Count 3 charges defendant with interference with commerce by robbery (and aiding and abetting the same) in violation of 18 U.S.C. §§ 2 and 1951. Count 5 charges use of a firearm during and in relation to a crime of violence and a drug trafficking crime causing death (and aiding and abetting the same) in violation of 18 U.S.C. §§ 2 and 924(j). Defendant also agrees to the entry of a judgment of forfeiture pursuant to the forfeiture allegation included in the Superseding Indictment.

The parties have entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

## STATUTES

**18 U.S.C. § 2** provides in pertinent part:

Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.[1]

**18 U.S.C. § 1951** provides in pertinent part:

(a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

(b) As used in this section--

> (1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

---

[1] "This statute does not create a separate crime; instead, it makes the listed actions a primary violation of another, specific crime. Under § 2, the acts of the principal become those of the aider and abettor as a matter of law." *See United States v. Simpson*, 979 F.2d 1282, 1285 (8th Cir. 1992) (concluding a getaway driver's actions aided the commission of the armed bank robbery, so the actions of the armed bank robbery belong also to the unarmed getaway driver.). In each substantive count of the indictment defendant is charged as a principal and an aider and abettor even though there is no requirement to notice defendant in the charging document. *See United States v. Star*, 533 F 3d 985, 997 (8th Cir. 2008) (quoting *United States v. McKnight*, 799 F.2d 443, 445 (8th Cir.1986) as follows: "It is well established . . . that a defendant may be convicted of aiding and abetting ... even though he may not have been formally charged in that capacity. The reason for this rule is that section 2 does not create a separate offense, it simply makes . . . aid[ers] and abet[ters] . . . punishable as principals."). Thus, defendant can be convicted for (1) personally committing the offense; (2) aiding and abetting another or others to commit the offense; or (3) both. *See United States v. Jamal Dean et al*, 13-CR-4082-MWB, *Instruction* No. 6, (August 28, 2014 ND Iowa).

\*\*\*

    (2) The term "commerce" means commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside such State; and all other commerce over which the United States has jurisdiction.

\*\*\*

**18 U.S.C. § 924(j)** provides in pertinent part:

A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall—

    (1) If the killing is a murder (as defined in section 1111), be punished by death or by imprisonment for any term of years or for life

\*\*\*

**18 U.S.C. § 1111** provides in pertinent part:

(a) *Murder is the unlawful killing of a human being with malice aforethought. Every murder* perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or *committed in the perpetration of, or attempt to perpetrate, any* arson, *escape*, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, *burglary, or robbery*; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, *is murder in the first degree.*

Any other murder is murder in the second degree.

\*\*\*

(Emphasis supplied).

## ELEMENTS OF THE OFFENSE, INCLUDING SENTENCING FACTORS

### Count 3 of the Superseding Indictment

The elements of "robbery interfering with commerce" in violation of 18 U.S.C. § 1951 as charged in Count 3 in this case are:

One, that on or about May 1, 2011, the defendant took or obtained, or attempted to take or obtain, or aided and abetted the taking or attempted taking of, marijuana, United States Currency, or other property from A.C.;

Two, the defendant knowingly took or obtained, or attempted to take or obtain, or aided and abetted the taking or attempted taking of, marijuana, United States Currency, or other property against A.C.'s will;

Three, the defendant knowingly took or obtained, or attempted to take or obtain, or aided and abetted the taking or attempted taking of, marijuana, United States Currency, or other property by means of force, violence, or fear of injury; and

Four, the robbery interfered with commerce in some way or degree.[2]

_____

[2] **Regarding the elements generally** *see United States v. Mathison,* 12-CR-04083-MWB, *Instruction No. 6,* (June 19, 2013 ND Iowa); *Model Crim. Jury Instr.* 8th Cir. 6.18.1951 (2013); *Pattern Crim. Jury Inst.* 11th Cir. OI 70.3 (2010); *United States v. Dobbs*, CR 04-1004 LRR, *Instruction No. 14* (marshaling the elements for interference with commerce by robbery, but also breaking principal and aider abettor liability into alternative sets of elements).

**Regarding an Individual Drug Trafficker** *see United States v. McCraney,* 612 F.3d 1057, 1064 - 65 (8th Cir. 2010) (reasoning the robbery of an individual drug trafficker, in a private residence, may be a Hobbs Act crime where the evidence reveals a disruption in the movement of drugs in interstate commerce); *United States v. Cox,* 942 F.2d 1282 (8th Cir.1991) (upholding a Hobbs Act conviction where "the Government sufficiently proved the interstate character of [victim's] drug trade."); *United States v. Peterson*, 236 F.3d 848, 854 - 55 (7th Cir. 2001)(reasoning the interstate commerce affected need not be lawful commerce, and a drug business may qualify if the victim's drug source originated from out-of-state or that he sold drugs to out-of-state customers). **Amount of drug irrelevant** *see United States v. Thomas*, 159 F.3d 296, 297–98 (7th Cir.1998)(holding that the amount of cocaine in contemplation was small was irrelevant to whether the crime constituted a Hobbs Act violation because "the relevant issue is the effect on

### Count 5 of the Superseding Indictment – Personal Commission

The elements of "use of a firearm during and in relation to a crime of violence and a drug trafficking crime causing death, in violation of 18 U. S.C. 924(j) as charged in Count 5, in this case has two parts:

### Part 1 – The Use of the Firearm

One, the defendant committed the crime of violence (*i.e.,* the Hobbs Act Robbery) **and** the drug trafficking crime (*i.e.,* the marijuana distribution conspiracy);

Two, the defendant knowingly used (*i.e.,* brandished, displayed, used to strike someone, or fired) a firearm during and in relation to those crimes; and

Three, the defendant used the firearm to cause the death of A.C.[3]

### Part 2 – The Death was Caused by a First Degree Murder

The cause of the death was tantamount[4] to murder in the first degree, pursuant to the federal "felony murder rule," because such a crime has the following (non-jurisdictional) elements, which are present in this case and set out below:

One, the defendant unlawfully killed A.C.;

Two, the defendant did so with "malice aforethought" (*i.e.,* "malice aforethought" means an intent, at the time of a killing, . . . willfully to act in callous and wanton disregard of the consequences to human life. . . .")[5]; and

---

commerce of the entire class of transactions to which the transaction or transactions at issue in the particular case belong.").

[3] *See Model Crim. Jury Instr.* 8th Cir. 6.18.924C (2013) (setting out the elements and explaining Title 18 U.S.C. § 924(j) is not independent of section 924(c) but provides an additional aggravating punishment within the punishment scheme set out in section 924(c)).

[4] The United States has not alleged the jurisdictional element (e.g., status of victim or place allowing for federal jurisdiction). Thus, the crime is not a violation of 18 U.S.C. § 1111 but of 18 U.S.C. § 924(j).

[5] The requirement of "malice aforethought" is satisfied by the felony murder rationale, *see United States v. Allen*, 247 F.3d 741, 783–84 (8th Cir. 2001) *cert.*

Three, the killing of D.C. was committed during the perpetration of the Hobbs Act robbery.[6]

### Count 5 of the Superseding Indictment – Aider and Abettor Liability

Defendant may be found guilty of Count 5, even if he did not personally do every element constituting that offense, if he "aided and abetted" the commission of the offense by another person. The elements of "aiding and abetting" this offense are as follows:

One, on or about the date alleged in the Count in question, some person or persons personally committed the offense of using a firearm during and in relation to the Hobbs Act Robbery;

Two, before or at the time that the offense in question was committed, the defendant knew that the offense was being committed or was going to be committed;

Three, the defendant intentionally and knowingly acted in some way for the purpose of causing, encouraging, or aiding the other person or persons in the commission of using or carrying of a firearm during and in relation to the Hobbs Act Robbery with the intent that the offense would be carried out;

Four, that A.C. was murdered in the perpetration of that robbery;

Five, the defendant was aware of the serious risk of death attending his conduct.[7]

---

*granted, judgment vacated on other grounds*, 536 U.S. 953 (2002) (reasoning the requirement of "malice aforethought" is satisfied under well-established felony murder principles by a finding that the defendant intended to commit the robbery and that a killing occurred in the course of that robbery.) and *Model Crim. Jury Instr.* 8th Cir. 6.18.1111A-1 Notes on Use (n.1) ("This instruction should be modified in the case of felony murder or murder for hire."). Out of an abundance of caution, however, the United States required admissions to the mental state in the plea agreement (paragraph 15-E-2 of the Plea Agreement) and respectfully asks the court to considering eliciting a confession to the element in open court as well, as indicted in the text.

[6] **Regarding the elements generally** *see Model Crim. Jury Instr.* 8th Cir. 6.18.1111A (2013); *Model Crim. Jury Instr.* 8th Cir. 6.18.1111A (2014) Notes on Use (n.6); *Model Crim. Jury Instr.* 8th Cir. 6.18.1111A-1 (2013); and *Model Crim. Jury Instr.* 8th Cir. 6.18.924C (2013).

Additionally, the defendant must have had advance knowledge that a confederate would use a firearm during and in relation to the robbery allowing him the opportunity, however brief, to walk away from the crime before it was committed.[8]

---

[7] *Compare Model Crim. Jury Instr.* 8th Cir. 5.01 (2013) (setting out the elements aiding and abetting generally) *with Model Crim. Jury Instr.* 8th Cir. 6.18.924C (2013) Notes on Use (n.7) (observing to prove aiding and abetting liability for a violation of 924(j) "the government must prove: (1) the defendant must "have known the offense of using or carrying a firearm during and in relation to a bank robbery was being committed or going to be committed;" (2) the defendant "intentionally acted in some way for the purpose of causing, encouraging, or aiding the commission of using or carrying of a firearm during and in relation to a bank robbery and that … was murdered in the perpetration of that robbery;" and (3) the defendant "was aware of a serious risk of death attending his conduct (quoting *United States v. Allen,* 247 F.3d 741, 784 (8th Cir. 2001)).

[8] *Rosemond v. United States*, 134 S.Ct. 1240, 1243, 2014 WL 839184, 2 (2014) ("hold[ing] that the Government makes its case by proving that the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission" but rejecting defendant's argument that he must have actually wanted the firearm offense to have been committed or that he cannot be convicted without proof that he participated in each and every element of the offense.) Even prior to Rosemond this Circuit already required foreknowledge of the principal's actions. *See, e.g., United States v. Akiti*, 701 F.3d 883, 887 (8th Cir. 2012) (holding even pre-*Rosemond*: "To be guilty of armed credit-union robbery under an aiding-and-abetting theory, the defendant must have known that an armed credit-union robbery was being committed or going to be committed; and, have knowingly acted in some way for the purpose of aiding the armed credit-union robbery" (internal alteration, citation, and quotation, omitted). *See Model Crim. Jury Instr.* 8th Cir. 5.01(2013) (marshaling one element thus: "have knowingly acted in some way for the purpose of [causing] [encouraging] [aiding] the commission of . . . principal offense"); *United States v. Simpson*, 979 F.2d 1282, 1285 (8th Cir. 1992) (discussing knowledge of possession of a gun as if relevant to aiding and abetting an armed robbery). Nonetheless, it appears proper to instruct the defendant in the holding of *Rosemond* – in addition to the Circuit's standard language -- as I have done in the text. This appears particularly true, since in light of *Rosemond* the Eighth Circuit Model Criminal Jury Instruction Subcommittee drafted and presented to the panel of judges at the 2014 Eighth Circuit Judicial Conference a proposed modified aiding and abetting model jury instruction (attached hereto as attachment 1 proposed modified aiding and abetting model jury instruction).

## MAXIMUM AND MINIMUM PENALTIES

Count 3 of the Superseding Indictment (robbery interfering with commerce charges) are each punishable by the following maximum penalties: (1) not more than 20 years' imprisonment without the possibility of parole; (2) a fine of not more than $250,000; (3) a mandatory special assessment of $100; and (4) a term of supervised release of up to three years.

Count 5 of the Superseding Indictment (use of a firearm during and in relation to a crime of violence and a drug trafficking crime causing death) is punishable by the following maximum penalties: (1) a mandatory minimum sentence of 10 years' imprisonment and a maximum term of imprisonment of life, without the possibility of parole; (2) a fine of not more than $250,000; (3) a mandatory special assessment of $100; and (4) a term of supervised release of up to five years. Any sentence imposed on Count 5 must be served consecutively to any other sentence imposed.[9]

## OTHER CONSEQUENCES OF THE PLEA

As a felon, defendant will lose his right to vote, to serve on a jury, to hold public office, and to possess a firearm and ammunition.

---

[9] Title 18 U.S.C. §§ 924(c) and (j) appear to merge at sentencing as part of the same scheme of aggravating punishments and while 924(j) does not explicitly contain the same express mandatory cumulative punishment language as found in section 924(c), it appears to be incorporated. *See United States v. Dinwiddie, 618 F.3d 821 (2010); United States v. Allen*, 247 F.3d 741,769, (8th Cir. 2001) and *Model Crim. Jury Instr.* 8th Cir. 6.18.924C (2013). *Allen* and *Dinwiddie* both appear to reason the consecutive provisions of 924(c) apply to sentences under 924(j). *Id.* While neither of these cases state the mandatory minima are also incorporated they seem to imply it. *Id.*

Additionally, a district court, in the Fourth Circuit, has reached the same result. *See United States v. Bran*, 963 F. Supp. 2d 486, 495-96 (E.D. Va. 2013), aff'd, 776 F.3d 276 (4th Cir. 2015) ("Neither party has raised, and the Court cannot find, any authority that addresses the interplay of the mandatory minimum sentence scheme laid out in 18 U.S.C. § 924(c)(1)(A)(i-iii) to a conviction under § 924(j). But the same reasoning that persuades the Court that Congress intended the consecutive sentence mandate to apply to § 924(j) compels the Court to conclude that § 924(j) also incorporates the mandatory minimum scheme set forth by § 924(c)(1)(A)(i-iii).").

Page 9

## PLEA AGREEMENT/ FACTUAL BASIS FOR THE PLEA

A factual basis for the plea is contained in the plea agreement that has been/will be forwarded separately to the court.

## MISCELLANEOUS PLEA AGREEMENT PROVISIONS

## APPEAL WAIVER

The plea agreement entered into by the parties contains a waiver of defendant's right to appeal or collaterally attack the sentence. *See,* Paragraph 30. Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(N), the United States asks the Court to address defendant's appeal waiver at the time of the guilty plea hearing.

## DETENTION

Defendant is in custody, and should remain confined. Detention, absent exceptional reasons, is mandatory.

Sincerely,

KEVIN W. TECHAU
United States Attorney

By: s/ Forde Fairchild

FORDE FAIRCHILD
Assistant United States Attorney

cc: Mr. Bradley Hansen, Esq.