# "(Attachment 1 (proposed modified aiding and abetting model jury instruction))"

**Final Instructions:  Criminal Responsibility**

### 5.01.  AIDING AND ABETTING (18 U.S.C. § 2(a)) [1]

A person may [also][2] be found guilty of (insert principal offense) even if [he] [she] personally did not do every act constituting the offense charged,[3] if [he] [she] aided and abetted the commission of (describe principal offense).

In order to have aided and abetted the commission of a crime a person must [, before or at the time the crime was committed,]:[4]

(1) have known (describe principal offense) was being committed or going to be committed;

(2) have had enough advance knowledge of the extent and character of the crime that [he][she] was able to make the relevant choice to walk away from the crime before all elements of (insert principal offense) were complete;[5] [and]

(32) have knowingly acted in some way for the purpose of [causing] [encouraging] [aiding] the commission of (describe principal offense)[.] [; and]

[(43) have [intended] [known] (insert mental state required by principal offense).][65]

For you to find the defendant guilty of (insert principal offense) by reason of aiding and abetting, the [government] [prosecution] must prove beyond a reasonable doubt that all of the elements of (describe principal offense) were committed by some person or persons and that the defendant aided and abetted the commission of that crime.

You may infer the defendant had the requisite advance knowledge of the (insert principal offense) if you find the defendant failed to object or withdraw from actively participating in the commission of (insert principal offense) after the defendant observed another participant complete (insert contested element of the principal offense),[7] 

event, or merely acting in the same way as others or merely associating with others, does not prove that a person has become an aider and abettor.  A person who has no knowledge that a crime is being committed or about to be committed, but who happens to act in a way which advances some offense, does not thereby become an aider and abettor.]

Case 5:16-cr-04009-LTS-KEM    Document 93-1    Filed 06/09/16    Page 1 of 5

**Final Instructions:  Criminal Responsibility**

**Notes on Use**

1.  Unless the principal offense is also submitted to the jury, this instruction should be read together with the principal offense instruction as one instruction.  The Burden of Proof language of Instruction 3.09 should be deleted and the Burden of Proof language from Instruction 5.01 used.  If there is a self defense or entrapment defense, the appropriate language from Instruction 3.09 must be included.  The instruction should look something like the following:

The crime of _____ as charged in the Indictment, has _____ elements, which are:

*One*, _____;

*Two*, _____; and

*Etc.*, _____.

A person may be found guilty of (insert principal offense) even if [he] [she] personally did not do every act constituting the offense charged, if [he] [she] aided and abetted the commission of (describe principal offense).

In order to have aided and abetted the commission of a crime a person must [, before or at the time the crime was committed,]:

(1) have known (describe principal offense) was being committed or going to be committed;

(2) have had enough advance knowledge of the extent and character of the crime that [he][she] was able to make the relevant choice to walk away from the crime before all elements of (insert principal offense) were complete; [and]

(3~~2~~) have knowingly acted in some way for the  purpose of [causing] [encouraging] [aiding] the commission of (describe principal offense)[.] [; and]

[(4~~3~~) have [intended] [known] (insert mental state required by principal offense).]

For you to find the defendant guilty of (insert principal offense) by reason of aiding and abetting, the [government] [prosecution] must prove beyond a reasonable doubt all of the elements of (describe principal offense) were committed by some person or persons and that the defendant aided and abetted that crime [and must further prove beyond a reasonable doubt that the defendant was not [entrapped] [acting in self defense], [acting in defense of _____] [as defined in Instruction No. _____]]; otherwise you must find the [that particular] defendant not guilty of this crime [under Count _____].

You may infer the defendant had the requisite advance knowledge of (insert principal offense) if you find the defendant failed to object or withdraw from actively participating in the commission of (insert principal offense) after the defendant observed another participant complete (insert contested element of the principal offense).

2.  Use if the defendant's guilt on the principal offense is also being submitted to the jury.

3.  This instruction should be given only when the evidence in the case shows that more than one person has performed acts necessary for the commission of an offense.  In other words, a person cannot aid and abet himself in the commission of a crime.

Revised 7-7-2014                                  2                                  5.01

**Final Instructions:  Criminal Responsibility**

4.  Use only if there is a disputed issue with respect to whether the defendant acted before the crime was completed.  This language has been repeatedly approved.  *See United States v. Jarboe*, 513 F.2d 33, 36 (8th Cir. 1975)*Delpit*, 94 F.3d 1134, 1150-51 (8th Cir. 1996) (citing with approval this Instruction 5.01 & n.4 (West 1996) and citing *United States v. Jarboe*, 513 F.2d 33, 36 (8th Cir. 1975)).

5.  In *Rosemond v. United States*, 134 S. Ct. 1240 (2014), a case involving a violation of 18 U.S.C. §§ 2 and 924(c), the Court found an aider and abettor must both actively participate in a scheme and have "advanced knowledge" of the "extent and character" of the scheme.  *Id.* at 1249.  The Court stated:  "[T]he § 924(c) defendant's knowledge of a firearm must be advance knowledge—or otherwise said, knowledge that enables him to make the relevant legal (and indeed, moral) choice. . . . [W]e think that means knowledge at a time the accomplice can do something with it —most notably, opt to walk away."  *Id.* at 1249-50.  In other words, the defendant must have "chosen . . . to align himself with the illegal scheme in its entirety . . . ."  *Id.* at 1249.

65.  If the principal offense requires a particular mental state, the aider and abettor must share in that mental state.  *United States v. Lard*, 734 F.2d 1290, 1298 (8th Cir. 1984); *Jarboe*.  The instruction must include that mental state.  *See United States v. Burkhalter*, 583 F.2d 389, 391 (8th Cir. 1978) (requiring knowledge that the item transferred was a firearm required, but not requiring knowledge that the principal was unlicensed was not required).  *United States v. Powell*, 929 F.2d 724 (D.C. Cir. 1991).

7.  This paragraph is taken from *Rosemond*.  134 S. Ct. at 1250, n.9.  The Court explained in the § 924(c) context:

> Of course, if a defendant continues to participate in a crime after a gun was displayed or used by a confederate, the jury can permissibly infer from his failure to object or withdraw that he had such knowledge.  In any criminal case, after all, the factfinder can draw inferences about a defendant's intent based on all the facts and circumstances of a crime's commission.

*Id.*

**Committee Comments**

Subsection 2(a) of Title 18, United States Code, applies to the entire Criminal Code.  *United States v. Sopczak*, 742 F.2d 1119, 1121 (8th Cir. 1984)*Graham*, 598 F.3d 930, 930 (8th Cir. 2009).

> To be guilty of aiding and abetting is to be guilty as if one were a principal of the underlying offense.  Aiding and abetting is not a separate crime but rather is linked to the underlying offense and shares the requisite intent of the offense.

*United States v. Roan Eagle*, 867 F.2d 436, 445 (8th Cir. 1989).

The elements of aiding and abetting are generally "(1) that the defendant associated himself with the unlawful venture; (2) that he participated in it as something he wished to bring about; and (3) that he sought by his actions to make it succeed."  *United States v. Santana*, 524 F.3d 851, 853 (8th Cir. 2008) (quoting *United States v. McCracken*, 110 F.3d 535, 540 (8th Cir. 1997)); *see also Rosemond*, 134 S. Ct. at 1249 ("So for purposes of aiding and abetting law, a

Revised 7-7-2014                         3                              5.01

## Final Instructions:  Criminal Responsibility

person who actively participates in a criminal scheme knowing its extent and character intends that scheme's commission.").

Association with the offense has been interpreted as meaning sharing in the state of mind of the principal.  ~~United States v.~~ *Roan Eagle*, 867 F.2d at 445 n.15.  Accordingly, the instruction has provided for inserting the intent or knowledge required for the principal offense, if any particular state of mind is required.  *See* Note 4, *supra*.

A defendant may be convicted on the theory of aiding and abetting even where the indictment does not charge him on that theory.  *United States* ~~v. Beardslee, 609 F.2d 914 (8th Cir. 1979)~~*Zackery*, 494 F.3d 644, 648 (8th Cir. 2007) (quoting *United States v. Thirion*, 813 F.2d 146, 151 (8th Cir. 1987)).  This instruction covers either situation.

A person may be convicted of an offense on the theory of aiding and abetting even if the alleged principal has earlier been acquitted.  *Standefer v. United States*, 447 U.S. 10 (1980).

In order to sustain the conviction of a defendant who has been charged as an aider and abettor, it is necessary that there be evidence showing an offense to have been committed by a principal and that the principal was aided or abetted by the accused, although it is not necessary that the principal be convicted or even that the identity of the principal be established.

*Ray v. United States*, 588 F.2d 601, 603-04 (8th Cir. 1978); *Pigman v. United States*, 407 F.2d 237, 239 (8th Cir. 1969).  *See also United States v. Hudson*, 717 F.2d 1211, 1214 (8th Cir. 1983) ("Identification or conviction of the principal is not necessary to sustain a conviction of an aider and abetter for the principal crime charged.").

There must be knowing participation in the activity.  ~~United States v.~~ *Roan Eagle*, 867 F.2d at 445.  ~~See also United States v. Powell, 929 F.2d 724 (D.C. Cir. 1991), for discussion of what must be known to aid and abet a violation of 18 U.S.C. § 924(c).~~

**Final Instructions:  Criminal Responsibility**