

# U. S. Department of Justice

*United States Attorney*
*Northern District of Iowa*

*600 Fourth Street*          *712-255-6011*
*Suite 670*                *712-252-2034 (fax)*
*Sioux City, IA 51101*      *712-258-4761 (tty)*

May 27, 2016

Mr. Bradley Hansen, Esq.
~~Assistant Public~~ Federal Defender's Office
701 Pierce Street, Ste 400
Sioux City, IA 51101

> Re:   *United States v. Devery Hibbler*
>        CR 16-4009-LTS

Dear Mr. Hansen:

This letter will serve as a first memorandum of a proposed plea agreement between the United States Attorney's Office for the Northern District of Iowa and Devery Hibbler, defendant. All references to the "United States" or "government" in this proposed plea agreement refer to the United States Attorney's Office for the Northern District of Iowa and to no other governmental entity. This plea offer will expire on June 7, 2016, unless otherwise extended by the government. **The government has made no prior plea offers in this case.**

## CHARGES AND PENALTIES

1.   Defendant will plead guilty to Counts 3 and 5 of the Superseding Indictment filed on April 19, 2016. Count 3 charges interference with commerce by robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 2 and 1951. Count 5 charges use of a firearm during and in relation to a crime of violence and a drug trafficking crime causing death and aiding and abetting the same, in violation of 18 U.S.C. §§ 2 and 924(j). Defendant also agrees to the entry of a judgment of forfeiture pursuant to the forfeiture allegation included in the Superseding Indictment.

2.   Defendant understands that Count 3 of the Superseding Indictment is punishable by the following maximum penalties: (1) not more than 20 years' imprisonment; (2) a fine of up to $250,000; (3) a mandatory special assessment of $100 on each count; and (4) a term of supervised release of up to three years.

**EXHIBIT 1**

**(Plea)**

**CR 16-4009-LTS**

Mr. Bradley Hansen
United States v. Devery Hibbler
May 27, 2016
Page 2

3. ~~B-~~ Defendant understands that Count 5 of the Superseding Indictment is punishable by the following maximum penalties: (1) a mandatory minimum sentence of 10 years' imprisonment and a maximum term of imprisonment of life, without the possibility of parole; (2) a fine of up to $250,000; (3) a mandatory special assessment of $100 and (4) a term of supervised release of up to five years. Any sentence imposed on Count 5 must be served consecutively to any other sentence imposed. *prison*

4. D.H Defendant understands restitution and a term of supervised release following incarceration may be imposed in addition to any other sentence. Defendant further acknowledges that, if defendant violates, at any time, any condition of supervised release, defendant could be returned to prison for the full term of supervised release and the Court is not required to grant credit for any amount of time defendant may have successfully completed on supervised release. Defendant also understands the U.S. Sentencing Guidelines will provide advisory guidance to the Court in determining a sentence in this case.

5. D.H At the time the guilty plea is entered, defendant will admit that defendant is guilty of the charges specified in Paragraph 1 of this agreement. After sentencing, the government will move for dismissal of any remaining counts. The U.S. Attorney's Office for this District will file no additional Title 21 drug-offenses or Title 18 robbery or gun-related offenses based solely upon information now in our possession or information later provided by defendant under the conditions set forth in the "Non-Cooperation" section below. If this office becomes aware of evidence of additional crimes warranting criminal prosecution, all information in our possession could be used in such a prosecution.

6. D.H Defendant understands and agrees defendant has the absolute right to plead guilty before a United States District Court Judge. However, if convenient to the Court, defendant agrees to waive and give up this right and to plead guilty before a United States Magistrate Judge. Defendant understands defendant will not be found guilty unless the United States District Court Judge accepts the plea of guilty or adopts a recommendation of the Magistrate Judge to accept such plea. Defendant agrees to execute the attached consent to proceed before the United States Magistrate Judge.

7. D.H Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, defendant may be detained pending sentencing. This is regardless of whether a U.S. Magistrate Judge or U.S. District Court Judge

Mr. Bradley Hansen
United States v. Devery Hibbler
May 27, 2016
Page 3

presides at the guilty plea hearing and regardless of whether the guilty plea is immediately accepted or formal acceptance is deferred until a later date.

## NON-COOPERATION

8. __D.H__ Defendant understands and concedes that, although defendant is not required by the terms of this plea agreement to testify before any Court or grand jury, the United States may take the prescribed actions under 18 U.S.C. § 6001, *et. seq.* or any other applicable provision of law to compel defendant's testimony. Defendant agrees that, if defendant refuses to testify after being granted immunity and ordered by the Court to testify, defendant may be found to be in contempt of court and may be punished in accordance with Federal Rule of Criminal Procedure 42 and 18 U.S.C. §§ 401 and 402. Further, the United States Attorney's Office shall be permitted to pursue any other action available to require defendant's testimony or punish defendant's refusal to testify subsequent to any order requiring defendant to testify. Defendant understands and agrees that, because defendant is not cooperating with the government, the United States will not recommend any decrease under §5K1.1 or any other provision of the United States Sentencing Guidelines or under 18 U.S.C. § 3553(e) or any other provision of law.

## STIPULATION OF FACTS

9. __D.H__ By initialing each of the following paragraphs, defendant stipulates to the following facts. Defendant agrees these facts are true and may be used to establish a factual basis for defendant's guilty plea, sentence, and any forfeiture. Defendant has been advised by defendant's attorney of defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Defendant waives these rights and agrees this stipulation may be used against defendant at any time in any proceeding should defendant violate or refuse to follow through on this plea agreement, regardless of whether the plea agreement has been accepted by the Court. Defendant agrees that the stipulation below is a summary of the facts against defendant and does not constitute all of the facts the government would be able to prove at trial and may be able to prove to the Court in accordance with this agreement.

### Count 1 – Marijuana Conspiracy – Relevant Conduct

__D.H__. From about January 1, 2011, and continuing through about January 1, 2012, in the Northern District of Iowa and elsewhere, defendants ROBERT BEAVER, COURTLAND CLARK, and DEVERY HIBBLER, did knowingly and unlawfully combine, conspire, confederate, and

Mr. Bradley Hansen
United States v. Devery Hibbler
May 27, 2016
Page 4

agree with each other to possess with the intent to distribute marijuana, and to attempt to possess with the intent to distribute marijuana.

### Count 2 – Hobbs Act Conspiracy – Relevant Conduct

B-1 On or about May 1, 2011, ROBERT BEAVER, COURTLAND CLARK, and DEVERY HIBBLER, armed with a handgun, robbed and attempted to rob Anthony Canfield of United States currency, marijuana, and other property in Sioux City, Iowa. To do so, ROBERT BEAVER, COURTLAND CLARK, and DEVERY HIBBLER entered or remained in an occupied structure without authority to do so with the intent to commit a felony robbery therein. Thus, they committed a burglary, in addition to a robbery, as those terms are used in 18 U.S.C. 924(j) and 1111.

B-2 At the time of the robbery, Anthony Canfield was a drug trafficker whose drug trade affected commerce as that term is defined in Title 18, United States Code, Section 1951(b)(3). He had out-of-state sources of supply and out-of-state customers. He trafficked more than a pound of marijuana a week and had more than three pounds of marijuana hidden in his apartment at the time of his robbery and murder. Drug trafficking was his principal source of income.

B-3 The robbery impeded Mr. Canfield from drug trafficking and depleted his resources of marijuana and United States currency that were proceeds of the drug trafficking and that were used (and to be used) to acquire marijuana for redistribution. The robbery of Mr. Canfield affected interstate commerce.

### THE OBJECTS OF THE CONSPIRACY

B-4 Beginning on an unknown date sometime before May 1, 2011 and continuing to the present day, in the Northern District of Iowa and elsewhere, defendants ROBERT BEAVER, COURTLAND CLARK, and DEVERY HIBBLER, unlawfully and knowingly combined, conspired, and agreed to unlawfully obstruct, delay and affect, and attempted to obstruct, delay and affect, commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3) and the movement of articles and commodities in such commerce, by robbery

as that term is defined in Title 18, United States Code, Section 1951(b)(1), and by attempted robbery, in that ROBERT BEAVER, COURTLAND CLARK, and DEVERY HIBBLER did unlawfully take and obtain, and attempted to take and obtain, United States currency, marijuana, and other property from Anthony Canfield, A/K/A Tony Canfield, A/K/A T-Bone Canfield, against his will by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person.

## THE MANNER AND MEANS OF THE CONSPIRACY

The conspiracy was accomplished in the following ways, among others:

B-5 ROBERT BEAVER, COURTLAND CLARK, DEVERY HIBBLER, targeted Canfield, a drug trafficker, for robbery. They timed the attack to take advantage of the fact Mr. Canfield, by virtue of his recovering from a recent surgery that affected his physical condition, was a vulnerable victim. ROBERT BEAVER, COURTLAND CLARK, and DEVERY HIBBLER robbed and attempted to rob Canfield, a drug trafficker, of United States currency, marijuana, and other property.

B-6 ROBERT BEAVER, COURTLAND CLARK, and DEVERY HIBBLER knowingly used, carried, brandished, and discharged a firearm, and aided and abetted the use, carrying, brandishing, and discharging of the firearm, during and in relation to the robbery. Before any of the robbers entered Canfield's house, each man knew the firearm was to be used during and in relation to the robbery. Each man, therefore, had an opportunity to walk away from the crimes but, instead, voluntarily participated in the armed robbery because each actually intended the crime be completed for his personally benefit.

B-7 ROBERT BEAVER, COURTLAND CLARK, and DEVERY HIBBLER, and others known and unknown to the grand jury actively concealed the existence, membership, and activities of the conspiracy, obstructed the investigation into the conspiracy, and attempted to escape prosecution for the actions of the conspiracy.

### OVERT ACTS

B-8 In furtherance of the conspiracy, and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Northern District of Iowa and elsewhere:

B-8-A. Sometime before May 1, 2011, COURTLAND CLARK acquired a .40 caliber handgun and rounds of ammunition.

B-8-B. Sometime before May 1, 2011, ROBERT BEAVER, COURTLAND CLARK, DEVERY HIBBLER, and others, discussed robbing Mr. Canfield of his marijuana and drug proceeds.

B-8-C. On or about May 1, 2011, ROBERT BEAVER, COURTLAND CLARK, and DEVERY HIBBLER, each traveled with the firearm to Mr. Canfield's home on George Street in Sioux City, Iowa.

B8-D. On or about May 1, 2011, ROBERT BEAVER, COURTLAND CLARK, and DEVERY HIBBLER each put on a mask.

B8-E. On or about May 1, 2011, ROBERT BEAVER, COURTLAND CLARK, and DEVERY HIBBLER each entered -- with full knowledge of the firearm and intending that it be used during and in relation to the drug robbery – Canfield's home on George Street in Sioux City, Iowa.

B8-F. On or about May 1, 2011, once inside Canfield's home on George Street in Sioux City, Iowa, ROBERT BEAVER held and beat Canfield's wife ("D.C.") against her will. The bodily injury of "D.C." was within the scope of the jointly undertaken robbery, in furtherance of and during the commission of the robbery, and reasonably foreseeable by all of the conspirators.

Mr. Bradley Hansen
United States v. Devery Hibbler
May 27, 2016
Page 7

B8-G. On or about May 1, 2011, once inside Canfield's home on George Street in Sioux City, Iowa, ROBERT BEAVER, COURTLAND CLARK, and DEVERY HIBBLER demanded money and drugs from Canfield.

B8-H. On or about May 1, 2011, once inside Canfield's home on George Street in Sioux City, Iowa, COURTLAND CLARK, and DEVERY HIBBLER attacked, held, struggled with, and physically robbed Canfield.

B8-I. On or about May 1, 2011, once inside Canfield's home on George Street in Sioux City, Iowa, ROBERT BEAVER, COURTLAND CLARK and DEVERY HIBBLER obtained money and drugs **and** attempted to obtain money and drugs from Anthony Canfield against his will by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person.

B8-J. On or about May 1, 2011, when Anthony Canfield attempted to escape the robbery and his home, COURTLAND CLARK and DEVERY HIBBLER held, struggled with, and attempted to prevent Anthony Canfield from escaping.

B8-K. On or about May 1, 2011, when Anthony Canfield had escaped his residence, DEVERY HIBBLER or COURTLAND CLARK shot one bullet from the handgun into Canfield's head, killing him. The unlawful killing of Canfield was within the scope of the jointly undertaken robbery, in furtherance of and during the commission of the robbery, and reasonably foreseeable by all of the conspirators.

B8-L. On or about May 1, 2011, after the robbery, attempted robbery, and murder, ROBERT BEAVER, COURTLAND CLARK, and DEVERY HIBBLER traveled together on foot from Canfield's home on George Street to the getaway

car that they had previously parked behind the nearby
Liberty (formerly Smith) Public Elementary School.

B8-M.     On or about May 1, 2011, after the robbery, attempted
robbery, and murder, ROBERT BEAVER, COURTLAND
CLARK and DEVERY HIBBLER traveled in the getaway
car to the home Courtland Clark and his paramour
("T.N.") then shared.

B8-N.     On or about May 1, 2011, after the robbery, attempted
robbery, and murder, ROBERT BEAVER, COURTLAND
CLARK and DEVERY HIBBLER discussed the robbery
and murder of Anthony Canfield and planned its
concealment at the home COURTLAND CLARK and his
paramour ("T.N.") then shared.

B8-O.     On or about May 1, 2011, after the robbery, attempted
robbery, and murder, ROBERT BEAVER, COURTLAND
CLARK, DEVERY HIBBLER, "A.J." and "D.C." and
others, discussed and planned for some of the conspirators
(i.e., COURTLAND CLARK, and DEVERY HIBBLER) to
flee Iowa and travel in interstate commerce to avoid
prosecution under the laws of the State of Iowa and the
United States.

B8-P.     On or about May 1, 2011, after the robbery, attempted
robbery, and murder, ROBERT BEAVER, COURTLAND
CLARK, DEVERY HIBBLER, "A.J." and "D.C." and
others observed the response of law enforcement to the
robbery, attempted robbery, and murder of Canfield.

B8-Q.     On or about May 1, 2011, after the robbery, attempted
robbery, and murder, ROBERT BEAVER, COURTLAND
CLARK, DEVERY HIBBLER, "A.J." and "D.C" and others
whom had observed the law enforcement response,
discussed their observations with ROBERT BEAVER,
COURTLAND CLARK, and DEVERY HIBBLER.

B8-R.   On or about May 1, 2011, after the robbery, attempted robbery, and murder, "A.J." directed COURTLAND CLARK, and DEVERY HIBBLER to postpone their escape from Sioux City, Iowa until police activity in the area was lessened and there was a better chance to escape detection.

B8-S.   On or about May 1, 2011, after the robbery, attempted robbery, and murder, COURTLAND CLARK and DEVERY HIBBLER postponed their escape from Sioux City, Iowa until police activity in the area was lessened, and they had a better chance to escape detection.

B8-T.   Sometime after May 1, 2011, COURTLAND CLARK and DEVERY HIBBLER, in a vehicle driven by "T.N." left Sioux City, Iowa and traveled in interstate commerce to avoid prosecution under the laws of the State of Iowa and the United States and to conceal the existence, membership, and activities of the conspiracy.

**Count 3 – Hobbs Act Robbery – Offense of Conviction**

C.  On or about May 1, 2011, in the Northern District of Iowa, defendants ROBERT BEAVER, COURTLAND CLARK, and DEVERY HIBBLER did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, interstate commerce and commerce as that term is defined in Title 18, United States Code Section 1951(b)(3), and the movement of articles and commodities in such commerce, and aided and abetted same, by robbery as that term is defined in Title 18, United States Code, Section 1951(b)(1), and attempted robbery, in that ROBERT BEAVER, COURTLAND CLARK, and DEVERY HIBBLER did unlawfully take and obtain, and attempted to unlawfully take and obtain, United States currency, marijuana, and other property from Anthony Canfield (who was then an individual drug trafficker whose drug trade affected commerce) against his will by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person.

**Count 4 – Use of a firearm during and in relation to a crime of**

Mr. Bradley Hansen
United States v. Devery Hibbler
May 27, 2016
Page 10

### Violence and a drug trafficking crime – Relevant Conduct

D. On or about May 1, 2011, in the Northern District of Iowa, defendants
ROBERT BEAVER, COURTLAND CLARK, and DEVERY HIBBLER,
knowingly used, carried, brandished, and discharged a firearm, and
aided and abetted the use, carrying, brandishing, and discharge of the
firearm, during and in relation to **both** (1) a crime of violence for which
they may be prosecuted in a court of the United States, that is, a May
1, 2011 interference with commerce by robbery and attempted robbery
as charged in Count 3 of the Superseding Indictment **and** (2) a drug
trafficking crime for which they may be prosecuted in a court of the
United States, that is, a conspiracy to possess with intent to distribute
marijuana as charged in Count 1 of the Superseding Indictment.

### Count 5 – Use of a firearm during and in relation to a crime of Violence and a drug trafficking crime causing death – Offense of Conviction

E-1 On or about May 1, 2011, in the Northern District of Iowa,
defendants ROBERT BEAVER, COURTLAND CLARK, and DEVERY
HIBBLER knowingly used, carried, brandished, and discharged, a
firearm, and aided and abetted the use, carrying, brandishing, and
discharge of the firearm, during and in relation to **both** (1) a crime of
violence for which they may be prosecuted in a court of the United
States, that is, a May 1, 2011 interference with commerce by robbery
and attempted robbery as charged in Count 3 of the Superseding
Indictment **and** (2) a drug trafficking crime for which they may be
prosecuted in a court of the United States, that is, a conspiracy to
possess with intent to distribute marijuana as charged in Count 1 of
the Superseding Indictment.

E-2 In the course of their violation of Title 18, United States Code,
Sections 2 and 924(c)(1)(A)(i),(ii), and (iii) defendants ROBERT
BEAVER, COURTLAND CLARK, and DEVERY HIBBLER caused
the death of a person through the use of a firearm. The unlawful
killing was a murder in the first degree as defined in Title 18, United
States Code, Section 1111(a), in that the defendants, with malice
aforethought, unlawfully killed Canfield in the perpetration of, and
in an attempt to perpetrate, an escape, burglary, and robbery.

Mr. Bradley Hansen
United States v. Devery Hibbler
May 27, 2016
Page 11

## SENTENCING PROVISIONS

10. __DH__ Defendant understands and agrees to be sentenced based on facts to be found by the sentencing judge by a preponderance of the evidence and agrees facts essential to the punishment need not be (1) charged in the Indictment; (2) proven to a jury; or (3) proven beyond a reasonable doubt. Defendant agrees the Court will determine the appropriate sentence after considering a variety of factors, including: (1) the nature and circumstances of the offense and the history and characteristics of defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence to afford adequate deterrence to criminal conduct; (4) the need for the sentence to protect the public from further crimes of defendant; (5) the need for the sentence to provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (6) the need to avoid unwarranted sentencing disparities among defendants with similar criminal records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. Defendant understands the Court will also consider the kinds of sentence and the sentencing range established by the United States Sentencing Guidelines for the applicable category of offense(s) committed by defendant and will consider any pertinent policy statements issued as part of the Guidelines. The Court will consider relevant adjustments under the United States Sentencing Guidelines, which will include a review of such things as defendant's role in the offense, criminal history, acceptance or lack of acceptance of responsibility, and other considerations. The Court may also consider other information including any information concerning the background, character, and conduct of defendant. **35** (thirty-five) **5-year**

11. __DH__ Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States and defendant agree the total sentence to be imposed should be ~~30~~ years' imprisonment followed by a ~~life~~ term of supervised release and ask this Court to bind itself to these terms as well. If this Court does not agree to be bound, neither party shall be bound by, nor held to perform, the obligations imposed by this agreement, and the agreement shall be rendered null and void.

12. __DH__ The parties stipulate and agree the United States Sentencing Guidelines should be calculated (but not applied because of the binding nature of this plea agreement), at least, as follows:

Mr. Bradley Hansen
United States v. Devery Hibbler
May 27, 2016
Page 12

A. **Base Offense Level – Count 3 – Hobbs Act Robbery** (Base Offense Level):  For Count 3, pursuant to USSG §2B3.1(a) the base offense is at least a 20.

B. **Brandished Firearm – Count 3 – Hobbs Act Robbery** (Specific Offense Characteristic): A five-level upward adjustment is appropriate under USSG §2B3.1(b)(2)(C) because a firearm was brandished in the presences of D.C..  In light of USSG §§3D1.1(b)(a), comment. (n.2), and 5G1.2(a), it appears the offense level should be computed without application of the enhancements relevant to the discharge of the firearm and the resulting death of Mr. Canfield since those are accounted for in Count 5.

C. **Victim Sustained Bodily Injury** -- Count 3 -- **Hobbs Act Robbery** (Specific Offense Characteristic): A two-level upward adjustment is appropriate under USSG §2B3.1(b)(3)(A) because "D.C." suffered bodily injury.  In light of USSG §3D1.1(b)(a), comment. (n.2), and 5G1.2(a), it appears the offense level should be computed without application of the enhancements relevant to the resulting death of Mr. Canfield since it is accounted for in Count 5.

D. **Base Offense Level – Count 5 – use of a firearm during and in relation to a crime of violence and a drug trafficking crime causing death** (Base Offense Level):  For Count 5, pursuant to USSG §2A1.1(a) the base offense is 43.  The parties agree and understand any sentence imposed on count 5 must be imposed consecutively to any other sentence imposed on any other counts.

E. **Felony Murder Rule Departure**: While defendant is responsible for the first degree murder of Mr. Canfield pursuant to the federal felony murder rule, the departure contemplated in to USSG §2A1.1, comment. (n.2(B)) is inapplicable.

F. ~~Vulnerable Victim (Chapter 3 adjustment):  A two-level upward adjustment is appropriate under USSG §3A1.1(b)(1) because defendant knew or should have known that Mr. Canfield, by virtue of his recovering from a recent surgery, was a vulnerable victim.~~

Mr. Bradley Hansen
United States v. Devery Hibbler
May 27, 2016
Page 13

G. **Acceptance of Responsibility (Chapter 3 adjustment):** The United States agrees for purposes of USSG §3E1.1(b) that defendant timely notified authorities of defendant's intention to enter a guilty plea.

H. **Criminal History (Chapter 4):** No agreement has been reached regarding defendant's criminal history. The parties reserve the right to contest the Probation Office's determination of defendant's criminal history and criminal history category under Chapter Four of the sentencing guidelines. In addition, defendant understands that, if defendant's criminal history would result in a higher base offense level under any guideline, the government is free to seek such a base offense level.

I. No other agreements have been reached, and the parties are free to litigate any and all other applicable adjustments, departures, or cross-references under the United States Sentencing Guidelines and any variances of any kind from the advisory guideline range, in any amount, in either direction.

13. Defendant, defendant's attorney, and the United States may make whatever comment and evidentiary offer they deem appropriate at the time of the guilty plea, sentencing, or any other proceeding related to this case, so long as the offer or comment does not violate any other provision of this agreement. The parties are also free to provide all relevant information and controlling authority to the Probation Office and Court for use in preparing and litigating adjustments, enhancements, or departures scored in the presentence report, including offering statements made by defendant at any time.

14. The parties are free to contest or defend any ruling of the Court, unless otherwise limited by this agreement, on appeal or in any other post-conviction proceeding.

15. Defendant understands that, pursuant to the Victim and Witness Protection Act, Title I of the Justice for All Act, and the regulations promulgated under the Act by the Attorney General of the United States:

A. The victim of a crime is given the opportunity to comment on the offense and make recommendations regarding the sentence to be imposed. Defendant understands the victim's comments and

Mr. Bradley Hansen
United States v. Devery Hibbler
May 27, 2016
Page 14

> recommendations may be different from those of the parties to this agreement.

B. The government is required to consult with victims of serious crimes to obtain their views regarding the appropriate disposition of the case against defendant and to make any such information regarding sentencing known to the Court. Defendant understands any victim's opinions and recommendations may be different from those presented by the government.

C. The government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly complicate the sentencing proceeding," and the Court is authorized to order restitution by defendant to victims of crime, including, but not limited to, restitution for property loss, personal injury, or death.

## FINANCIAL MATTERS

16. DH Defendant agrees to pay a special assessment of $100 per count, for a total of $200, as required by 18 U.S.C. § 3013. Defendant may pay the special assessment to the Clerk of Court by credit card or use the enclosed payment coupon. Defendant or defendant's representative will send or deliver the special assessment payment to the U.S. District Clerk of Court, 320 Sixth Street, Third Floor, Sioux City, IA 51101. If defendant does not pay the Clerk of Court by credit card, payment must be in the form of a money order made out to the "U.S. District Clerk of Court." ~~The special assessment must be paid before this signed agreement is returned to the U.S. Attorney's Office.~~ If defendant fails to pay the special assessment prior to the sentencing, defendant stipulates that a downward adjustment for acceptance of responsibility under USSG §3E1.1 is not appropriate unless the Court finds defendant has no ability to pay prior to the sentencing.

DH
BRW

17. DH Defendant agrees defendant will be required to pay full restitution FF to all victims of the offense(s) including relevant conduct victims. Defendant further understands the amount of loss sustained by each victim will be determined during the course of preparation of the presentence investigation report. Defendant agrees to cooperate in the investigation of the amount of loss and the identification of victims. Defendant understands full restitution will be ordered regardless of defendant's financial resources.

18. DH Defendant agrees to fully and truthfully complete the enclosed financial statement form. Further, upon request, defendant agrees to provide the

Mr. Bradley Hansen
United States v. Devery Hibbler
May 27, 2016
Page 15

U.S. Attorney's Office with any information or documentation in defendant's possession or control regarding defendant's financial affairs and agrees to submit to a debtor's examination when requested. Defendant agrees to provide this information whenever requested until such time any judgment or claim against defendant, including principal and interest, is satisfied in full. This information will be used to evaluate defendant's capacity to pay any claim or judgment against defendant.

## FORFEITURE

19. DH. Defendant agrees to forfeit and abandon any and all claim to items seized by law enforcement from defendant at the time of any arrest or search, including defendant's arrest and the search of defendant's vehicle, residence etc.. Defendant also waives any right to additional notice of the forfeiture and abandonment of such property. Defendant stipulates this plea agreement constitutes notice under Local Criminal Rule 57.3(c) regarding the disposal of any exhibits or evidence related to this matter. Defendant understands that, from this date forward, any local, state, or federal law enforcement agency may take custody of and use, dispose of, and transfer these items in any way the agency deems appropriate.

20. DH Defendant agrees to voluntarily disclose, forfeit, abandon, give up, and give away to the United States, or any law enforcement agency designated by the United States, prior to the date of sentencing herein, any right, title and interest defendant may have in property subject to forfeiture under the United States Code, including 18 U.S.C. § 1951, 21 U.S.C. §§ 853 and 881, and 18 U.S.C. §§ 924, 981 and 982, and any right, title and interest defendant may have in the following items:

A. all real property, including any right, title, and interest in the whole of any lot or tract of land and any appurtenances or improvements used, or intended to be used, in any manner or part to commit or to facilitate the commission of any violation of a federal drug law that is a felony;

B. any and all firearms and ammunition in defendant's care, custody or control during the time period of defendant's illegal conduct; and

C. any other property deemed forfeitable under the provisions of 21 U.S.C. § 853 and/or § 881.

Mr. Bradley Hansen
United States v. Devery Hibbler
May 27, 2016
Page 16

       D.     all firearms, ammunition, destructive devices, silencers, weapons modification kits, and gunpowder. This specifically includes, but is not limited to, the following:

       E.     all firearms, ammunition, destructive devices, silencers, weapons modification kits, and gunpowder presently in defendant's home, garage, place of business, rental storage facility, safety deposit box, or under defendant's control; and

       F.     all firearms, ammunition, destructive devices, silencers, weapons modification kits, and gunpowder held by another person or entity for or at the request of defendant.

       G.     any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. 1951 or any property traceable to such property; and

       H.     any property, real or personal, constituting, derived from, or traceable to any proceeds obtained directly or indirectly from an offense against a foreign nation for violations of 1951.

21. _DH_ If any of the property described in the above paragraphs, as a result of any act or omission of defendant:

       A.     cannot be located upon the exercise of due diligence;

       B.     has been transferred or sold to, or deposited with, a third party;

       C.     has been placed beyond the jurisdiction of the Court;

       D.     has been substantially diminished in value; or

       E.     has been commingled with other property that cannot be divided without difficulty;

defendant shall, prior to sentencing, provide payment to the government by cashier's or certified check up to the value of such property. Alternatively, defendant shall consent to an order of forfeiture of any other property up to the value of any such property.

Mr. Bradley Hansen
United States v. Devery Hibbler
May 27, 2016
Page 17

22. ____ Within two weeks of signing this agreement, defendant agrees to provide the United States Attorney's Office for the Northern District of Iowa with written documentation of defendant's ownership or right, title, or interest in the aforementioned property. In the event defendant is unable to provide documentation of defendant's right, title, or interest in such property within two weeks of signing this agreement, defendant shall relinquish custody of that property to the United States at that time, or at any subsequent time agreed to by the United States, upon demand of the government.

23. ____ By this agreement defendant not only agrees to forfeit all interests in the property referred to in the above paragraphs, but agrees to take whatever steps are necessary to convey any and all of defendant's right, title, and interest in such property to the United States. These steps include, but are not limited to, the surrender of title, the signing of a quit claim deed, the signing of a consent decree, the signing of abandonment papers, the signing of a stipulation of facts regarding the transfer and basis for the forfeiture, and the signing any other documents necessary to effectuate such transfers. Defendant agrees to execute the enclosed abandonment declaration for any firearms or ammunition and to return that abandonment declaration with the signed copy of this agreement. Defendant further agrees to fully assist the government in the recovery and return to the United States of any assets or portions thereof as described above wherever located. Defendant further agrees to make a full and complete disclosure of all assets over which defendant exercises control and those held or controlled by a nominee. Defendant further agrees to be polygraphed on the issue of assets if it is deemed necessary by the United States before defendant's sentencing.

24. ____ Defendant agrees not to waste, sell, dispose of, or otherwise diminish the value of any items or property referred to in the above paragraphs or allow others to do so. Defendant further agrees not to contest any forfeiture action or proceeding brought on behalf of any government agency involved in this investigation that seeks to forfeit property described in the above paragraphs.

25. ____ Defendant agrees and understands that, should defendant fail to truthfully account for all of defendant's holdings, proceeds, assets, or income, whether derived from a legal source or not, for the period charged, defendant shall be deemed to have materially breached this agreement. The decision as to whether defendant has been complete, forthright, and truthful in this regard shall be in the sole discretion of the United States Attorney's Office, taking into consideration the totality of the circumstances and the totality of the evidence developed in the course of the investigation.

Mr. Bradley Hansen
United States v. Devery Hibbler
May 27, 2016
Page 18

## GENERAL MATTERS

26. _DH_ Defendant shall not violate any local, state, or federal law during the pendency of this agreement. Any law violation, with the exception of speeding or parking violations, committed by defendant will constitute a breach of this agreement and may result in the revocation of the entire agreement or any of its terms. Defendant or defendant's attorney shall notify this office within 48 hours if defendant is questioned, charged, or arrested for any law violation.

27. _DH_ If defendant violates **any** term or condition of this plea agreement, in **any** respect, the entire agreement will be deemed to have been breached and **may** be rendered null and void by the United States. Defendant understands, however, the government may elect to proceed with the guilty plea and sentencing. These decisions shall be in the sole discretion of the United States. If defendant does breach this agreement, defendant faces the following consequences: (1) all testimony and other information defendant has provided at any time (including any stipulations in this agreement) to attorneys, employees, or law enforcement officers of the government, to the Court, or to the federal grand jury may and will be used against defendant in any prosecution or proceeding; (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against defendant and to use any information obtained directly or indirectly from defendant in those additional prosecutions; and (3) the United States will be released from any obligations, agreements, or restrictions imposed upon it under this plea agreement.

28. _DH_ Defendant waives all claims defendant may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment to the Constitution. Defendant also agrees any delay between the signing of this agreement and the final disposition of this case constitutes excludable time under 18 U.S.C. § 3161 et seq. (the Speedy Trial Act) and related provisions.

29. _DH_ Any dismissal of counts or agreement to forego filing charges is conditional upon final resolution of this matter. If this agreement is revoked or defendant's conviction is ultimately overturned, the United States retains the right to reinstate previously dismissed counts and to file charges that were not filed because of this agreement. Dismissed counts may be reinstated and uncharged offenses may be filed if: (1) the plea agreement is revoked, or (2) defendant successfully challenges defendant's conviction through a final order in any appeal, cross-appeal, habeas corpus action, or other post-conviction relief matter. A final order is an order not subject to further review or an order that no party challenges.



Mr. Bradley Hansen
United States v. Devery Hibbler
May 27, 2016
Page 19

The United States may reinstate any dismissed counts or file any uncharged offenses within 90 days of the filing date of the final order. Defendant waives all constitutional and statutory speedy trial rights defendant may have. Defendant also waives all statute of limitations or other objections or defenses defendant may have related to the timing or timeliness of the filing or prosecution of charges referred to in this paragraph.

## WAIVER OF APPEAL

30. After conferring with defendant's attorney and after being advised of defendant's appeal rights, defendant knowingly and voluntarily waives defendant's right to appeal the conviction and the sentence imposed. Defendant also waives the right to file post-conviction relief actions, including actions pursuant to 28 U.S.C. § 2255, 28 U.S.C. § 2241, *coram nobis*, and motions to reconsider or reduce defendant's sentence. Should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to defendant's offenses and explicitly make such an amendment retroactive, the government agrees that it will not assert this waiver as a bar to defendant filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2). However, if defendant files such a motion, the government reserves the right to oppose the motion on any other grounds, and it reserves the right to assert this waiver as a bar to an appeal from the district court's decision regarding the motion. Defendant retains the right to appeal or contest defendant's sentence in the following limited circumstances: (1) if the sentence is not in accordance with this plea agreement; (2) if the sentence imposed exceeds the maximum statutory penalty; and (3) if the sentence is constitutionally defective. This waiver does not, however, prevent defendant from challenging the effectiveness of defendant's attorney after conviction and sentencing. Defendant does not have any complaints at this time about the effectiveness of defendant's attorney. The waivers set out above relate to any issues that now exist or that may arise in the future. Defendant agrees to these waivers in order to induce the government to accept the provisions and stipulations of this plea agreement, to avoid trial, and to have defendant's case finally concluded. Defendant understands that, at the conclusion of the sentencing hearing, the Court will note defendant's appeal rights are limited by this waiver. No assurances or promises have been made by any party as to what defendant's ultimate sentence will be.

## ACKNOWLEDGMENT OF DEFENDANT'S UNDERSTANDING

31. ___ Defendant acknowledges defendant has read each of the provisions of this entire plea agreement with the assistance of counsel and understands its provisions. Defendant has discussed the case and defendant's constitutional and other rights with defendant's attorney. Defendant understands that, by entering a plea of guilty, defendant will be giving up the right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in defendant's defense; to remain silent and refuse to be a witness by asserting defendant's privilege against self-incrimination; and to be presumed innocent until proven guilty beyond a reasonable doubt. Defendant agrees defendant's attorney has represented defendant in a competent manner and has no complaints about that lawyer's representation. Defendant states defendant is not now on or under the influence of, any drug, medication, liquor, or other substance, whether prescribed by a physician or not, that would impair defendant's ability to fully understand the terms and conditions of this plea agreement.

32. ___ Defendant acknowledges defendant is entering into this plea agreement and is pleading guilty freely and voluntarily because defendant is guilty and for no other reason. Defendant further acknowledges defendant is entering into this agreement without reliance upon any discussions between the government and defendant (other than those specifically described in this plea agreement), without promise of benefit of any kind (other than any matters contained in this plea agreement), and without threats, force, intimidation, or coercion of any kind. Defendant further acknowledges defendant's understanding of the nature of each offense to which defendant is pleading guilty, including the penalties provided by law.

33. ___ Defendant further understands defendant will be adjudicated guilty of each offense to which defendant will plead guilty and will thereby be deprived of certain rights, including, but not limited to, the right to vote, to hold public office, to serve on a jury, and to possess firearms and ammunition. Defendant understands the government reserves the right to notify any state or federal agency by whom defendant is licensed, or with whom defendant does business, of the fact of defendant's conviction.

## VERIFICATION

34. ___ This letter constitutes the entire agreement between the parties. No other promises of any kind, express or implied, have been made to defendant by

Mr. Bradley Hansen
United States v. Devery Hibbler
May 27, 2016
Page 21

the United States or its agents. No additional agreement may be entered into
unless in writing and signed by all parties. The agreement will not be deemed to be
valid unless and until all signatures appear where indicated below.

If this agreement is acceptable, please have your client indicate acceptance by
placing initials on the line preceding each of the above paragraphs and by signing
below where indicated. By initialing each paragraph and signing below, defendant
acknowledges defendant has read, fully understands, and agrees to each paragraph
of this agreement. Please return all enclosures, completed and signed, with this
signed letter to the U.S. Attorney's Office.

Please complete the enclosed Consent to Proceed Before the Magistrate
Judge. This document is needed to allow the Magistrate Judge to receive
defendant's guilty plea. After the signed Consent form and plea agreement are
received, the government will ask the Court to schedule the guilty plea hearing.

Finally, please remember to pay the special assessment as agreed above.

Thank you for your cooperation.

Sincerely,

KEVIN W. TECHAU
United States Attorney

By,

FORDE FAIRCHILD
Assistant United States Attorney

**ENCLOSURES:**
Financial Statement Form
Special Assessment Payment Coupon
Consent to Proceed Before Magistrate Judge



Mr. Bradley Hansen
United States v. Devery Hibbler
May 27, 2016
Page 22

The undersigned defendant, with advice of counsel, accepts the terms of this plea agreement. The undersigned Assistant United States Attorney accepts the terms of the executed plea agreement.

_____  6.6.16
Devery Hibbler                    Date
Defendant

_____  6/7/16
Forde Fairchild                   Date
Assistant United States Attorney

_____  6.6.16
Bradley Hansen                    Date
Attorney for Defendant